UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARNABY B. JACOB,                              CASE NO. 15-10895
and LINDA K. JACOB,
                                               HON. GEORGE CARAM STEEH
        Plaintiffs,

v.

UNITED STATES OF AMERICA,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 21)

Plaintiffs husband and wife, Barnaby and Linda Jacob, brought this suit against the United States seeking a tax refund in the amount of approximately $271,964 for an alleged casualty loss to their home caused by water seepage and mold sustained in 2005 to 2006. Plaintiffs claim they timely filed their request for a refund in December, 2011, but the government denies ever receiving their casualty loss refund claim. The only proof of mailing plaintiffs submit is a copy of a cover letter drafted by their attorney dated December 1, 2011 addressed to the Internal Revenue Service ("IRS") and a copy of a Form 843 entitled "Claim for Refund and Request for Abatement" signed by them. Neither plaintiffs nor their attorney have submitted an affidavit attesting to the mailing of their refund request. At their depositions, plaintiffs testified that they had no recollection of filing an amended tax return for the tax year 2009. (Doc. 21 Ex. A, Barnaby Jacob Deposition at 14:19-15:10; Ex. F, Linda Jacob Deposition, at 14:2-19).

Now before the court is the government's motion to dismiss for lack of jurisdiction based on plaintiffs' failure to timely file a refund claim. Although oral argument had been scheduled, the court finds the briefs to be sufficient to inform the court's analysis, and so the court will dispense with a formal hearing pursuant to Local Rule 7.1(f). Because plaintiffs have failed to provide satisfactory proof that their refund claim was timely filed, this court lacks subject matter jurisdiction, and this matter shall be dismissed.

The government has waived its sovereign immunity with respect to suit for a tax refund where a timely refund claim is filed with the IRS. 28 U.S.C. § 1346(a)(2); 26 U.S.C. § 7422(a). Filing a refund claim with the IRS is a jurisdictional perquisite to the filing of a refund suit. *United States v. Dalm*, 494 U.S. 596, 601-02 (1990). Plaintiff-taxpayers bear the burden of establishing federal court jurisdiction. *Miller v. United States*, 784 F.2d 728, 729 (6th Cir. 1986). Unless plaintiffs can prove that they timely filed their refund claim with the IRS, the government is immune from suit and this court lacks jurisdiction.

The Sixth Circuit has adopted a bright-line rule for determining when a tax claim or return is filed. *Id.* at 731. The taxpayer must show actual physical delivery or fall within the two narrow statutory exceptions to the physical delivery rule established by Congress pursuant to 26 U.S.C. § 7502. These two exceptions are known as the statutory mailbox rule. Under the first exception set forth at § 7502(a), where a document is received after the filing deadline, the taxpayer is entitled to the postmark date, rather than the date on which the document is actually received by the IRS. *Id.* at

- 2 -

730.  The reason for this rule was to eliminate the inequity of treating taxpayers differently depending on the speed by which post offices throughout the country handle the mails.  *Id.*  As the IRS denies ever receiving plaintiffs' claim for a refund and there is no postmarked envelope to consider, § 7502(a) does not apply to this case.  The second exception set forth at § 7502(c)(1) provides that where a letter is sent by certified or registered mail, the registration is prima facie evidence that the document was received by the IRS, and the date postmarked is deemed the date of delivery.  *Id.*  In this case, it is undisputed that plaintiffs did not send their refund claim via certified or registered mail; thus, the second statutory exception does not apply to them either.

Plaintiffs argue that the common law mailbox rule saves their claim, relying on that rule as used in the bankruptcy context which requires a presumption that "material mailed is material received."  *In re Yoder*, 758 F.2d 1114, 1118 (6th Cir. 1985).  In order for the presumption to arise, there must be "proof that the item was properly addressed, had sufficient postage, and was deposited in the mail."  *Id.*  The problem with plaintiff's argument here is that the Sixth Circuit squarely rejected the same argument in the *Miller* decision, 784 F.2d at 731, and has reiterated numerous times its holding that the § 7502 exceptions are exclusive, and no common law exceptions exist for proving the filing of a tax claim or return.  *See Stocker v. United States*, 705 F.3d 225, 234 (6th Cir. 2013) (affirming district court's finding that taxpayers' extrinsic evidence that they mailed their return had no role to play in determining whether they could satisfy § 7502's two exclusive exceptions to the physical delivery rule); *Carroll v. C.I.R.*, 71 F.3d 1228, 1232-33 (6th Cir. 1995) (common law mail box rule does not apply to save taxpayer's claim); *Surowka v. United States*, 909 F.2d 148, 150 (6th Cir. 1990) (same).

In *Miller*, the court expressly held that the statutory exceptions set forth in § 7502 are the "only exceptions to the physical delivery rule," and rejected outright the taxpayer's argument that the court should deem the refund application to have been timely filed based on his attorney's affidavit that he had placed the form in the ordinary mail.  784 F.2d at 729-31.  In *Miller*, the Sixth Circuit cited with approval the Second Circuit's holding that the common law mail rule has no application to taxpayer claims, opting for "an easily applied, objective standard."  784 F.2d at 731 (citing *Deutsch v. Comm'r*, 599 F.2d 44 (2d Cir. 1979).[1]  Because the IRS denied receipt of the form, and the taxpayer had not used registered mail, the Sixth Circuit upheld dismissal for lack of subject matter jurisdiction.  *Id.*

In *Carroll*, the Sixth Circuit stated, "In this circuit, a taxpayer who sends a document to the IRS by regular mail, as opposed to registered or certified mail, does so at his peril."  *Id.* at 1229.  The *Carroll* panel expressed dissatisfaction with the Circuit's prior conclusion that the common law mailbox rule, with its non-statutory presumption of delivery, does not apply to save a taxpayer's claim that he placed a return or claim in the ordinary mail, but recognized that "[u]nless the Supreme Court or Congress should decide otherwise . . . *Miller* . . . will remain good law in the Sixth Circuit."  71 F.3d at 1232.

Although Congress has not again spoken on the subject, the IRS has issued regulations interpreting § 7502 which comport with and thus, bolster, the Sixth Circuit's holding in *Miller*.  *See* 26 C.F.R. § 301.7502-1(e) (2011).  Those regulations set forth

---

[1] In addition to the Second Circuit, the Court of Federal Claims also "has consistently held that § 7502 provides the only exceptions."  *Martinez v. United States*, 101 Fed. Cl. 688, 692 (2012).

- 4 -

the general rule that actual physical delivery is required, and sets forth two exclusive exceptions: "proof of proper use of registered or certified mail, and proof of proper use by a duly designated [private delivery service]." *Id.* § 301.7502-1(e)(2). The regulations stress that these are the only exceptions, stating that "[n]o other evidence of a postmark or of mailing will be prima facie evidence of delivery or raise a presumption that the document was delivered." *Id.* Given that Congress had expressly delegated to the Secretary of the Treasury the authority to regulate in this area, 26 U.S.C. § 7502(b), the court deems it appropriate to defer under *Chevron, USA, Inc. v. Natural Resouces Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984) to the agency's reasonable interpretations of § 7502. *See McBrady v. United States*, 167 F. Supp. 3d 1012, 1017 (D. Minn. 2016).

Although there is a circuit split on the question of whether the common law mailbox rule applies to tax filings, the decisions of the Third, Eighth, Ninth, and Tenth Circuits to the contrary, all predated the above quoted Treasury regulations, and thus, their precedential value may be called into question. *See Philadelphia Marine Trade Ass'n-Int'l Longshoremen's Ass'n Pension Fund v. C.I.R.*, 523 F.3d 140, 147-52 (3d Cir. 2008); *Estate of Wood v. C.I.R.*, 909 F.2d 1155, 1158-61 (8th Cir. 1990); *Anderson v. United States*, 966 F.2d 487, 489-92 (9th Cir. 1992); *Sorrentino v. I.R.S.*, 383 F.3d 1187, 1189-95 (10th Cir. 2004).

Moreover, even if this court were not bound by *Miller* and could consider extrinsic evidence to decide if plaintiff-taxpayers timely submitted their refund claim, the facts presented here are insufficient to support the presumption that the IRS received their refund claim in 2011. *See, e.g., Maine Med. Ctr. v. United States*, 675 F.3d 110, 117

- 5 -

(1st Cir. 2012) (mere evidence of tax preparation insufficient to trigger common law mailbox rule's rebuttable presumption); *Sorrentino*, 383 F.3d at 1195 (self-serving testimony of taxpayer insufficient).   In *Maine Medical Center*, the First Circuit analyzed those cases where extrinsic evidence was sufficient to trigger the common law mailbox rule, and found that "[a]t a minimum, the taxpayers in each of those cases offered testimony regarding actual mailing and some additional corroborating evidence."   675 F.3d at 117.   One of those cases involved testimony by the taxpayer's friend that she saw the taxpayer enter the post office and exit without the envelope, *Anderson*, 966 F.2d at 489, 491; in another case, the taxpayer offered very specific testimony detailing the mailing which was corroborated by testimony from a postal service employee who had a specific memory of the interaction.   *Wood*, 909 F.2d at 1156-57.

Here, there is no evidence regarding the mailing itself.   Plaintiffs, themselves, testified they had no recollection of mailing the refund claim for the 2009 tax year. Before the court is only a copy of the Form 843 and a cover letter from the attorney to the IRS stating that the form was enclosed.   There is not even any evidence regarding the mailing practices of the law firm in general, let alone the kind of detailed, specific, and corroborated testimony about the mailing of the tax claim or refund in question as required by those courts recognizing a presumption of receipt under the common law mailbox rule.

Plaintiffs also argue that their refund claim should be considered timely based on the filing of this lawsuit in 2015.   This argument fails.   It is a jurisdictional prerequisite that a claim first be submitted with the IRS.   26 U.S.C. § 7422(a).   Having failed to

establish that they did so, this court lacks jurisdiction, and the filing of this lawsuit cannot substitute for the Congressionally-mandated filing requirement.

In conclusion, under the holding of *Miller* and its progeny, plaintiffs have failed to show that they timely filed their refund claim.  Accordingly, this court lacks jurisdiction, and the government's motion to dismiss (Doc. 21) is GRANTED.

**IT IS SO ORDERED.**

Dated:  November 1, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 1, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---